# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

    Plaintiff,

v.                               Case No.22-CV-1040

**DAVID BROOKS,** *et al.*,

    Defendants.

## ORDER

On September 28, 2022, the plaintiff, Robert L. Tatum, who is incarcerated and representing himself, filed a motion to have the court reconsider the screening order. (ECF No. 26.) This case was transferred from the Western District of Wisconsin on September 9, 2022. (ECF No. 18.) Prior to transfer, Judge William M. Conley entered a screening order, dismissing all the defendants except David Brooks and John Walton, against whom Tatum was allowed to proceed on a First Amendment retaliation claim. (ECF No. 7.)

Tatum now asks this court to reconsider Judge Conley's order, asserting that Judge Conley "mis-read claims and disregarded controlling cases." (ECF No. 26 at 1.) He takes issue that Judge Conley "failed to assume my facts as true" and wrongly determined that many of the defendants actions were unintentional. (*Id.*)

Tatum cites Federal Rule of Civil Procedure 7 and Civil Local Rule 7 as the

basis for his motion. However, these rules do not contain a mechanism for a court to reconsider a prior ruling. The only two procedural rules that allow for a court to reconsider a previous decision are Fed. R. Civ. P. 59(e) and 60(b). Rule 59(e) allows a party to file a motion to alter or amend a judgment. Rule60(b) allows a party to seek relief from a final judgment under certain circumstances. Since the court has not issued a judgment, neither of these rules apply. There are limited circumstances where a court may reconsider a ruling while the case is ongoing, but where a party is simply taking issue with the way the court evaluated and considered the allegations is not one of them. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court). Here, Tatum is simply arguing with the court's findings and application of law. He has demonstrated no true error or misapplication that would warrant reconsideration of the screening order. His motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Tatum's motion for reconsideration of the screening order (ECF NO. 26) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th day of November, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge